# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 14-228 (JRT) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |
| ROBERTA BARNES, | |
| Defendant. | |

Benjamin F. Langner, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Roberta Barnes, Reg. No. 18372-041, P.O. Box 14525, Lexington, KY 40512, *pro se* defendant.

On February 13, 2017, Defendant Roberta Barnes filed a motion under 28 U.S.C. § 2255 seeking to modify her sentence, arguing that the Court improperly enhanced her base offense level at the time of sentencing. Because the claim is neither factually nor legally supported, the Court will deny the § 2255 motion.

## BACKGROUND

On December 15, 2014, Defendant Roberta Barnes pled guilty to one count of mail fraud in violation of 18 U.S.C. § 1341. (Ct. Mins. – Criminal, Dec. 15, 2014, Docket No. 12; Felony Information at 9-10, July 10, 2014, Docket No. 1.) On August 18, 2016, the probation department issued a presentence investigation report ("PSR") indicating that Barnes's offense caused a loss exceeding $250,000 but less than $550,000, and recommending a twelve-level increase to her base offense level pursuant to U.S.

Sentencing Guidelines Manual (the "Guidelines") § 2B1.1(b)(1)(G) (U.S. Sentencing Comm'n 2015). (Revised PSR ¶ 42, Aug. 18, 2016, Docket No. 40.)

On August 24, 2016, the Court held a sentencing hearing, at which defense counsel did not object to the PSR. (Sentencing Tr. at 3:5-7, Feb. 28, 2017, Docket No. 60). The Court then adopted the PSR's factual finding that Barnes's offense caused a loss exceeding $250,000 but less than $550,000 and thus applied the twelve-level enhancement to her base offense level. (*Id.* at 3:11-17; Revised PSR ¶ 42.)

The Court sentenced Barnes to twelve months and one day of incarceration – a downward variance from the Guidelines range of twenty-one to twenty-seven months. (Sentencing Tr. at 3:21-22, 15:13-15; *see also* Sentencing J., Aug. 28, 2016, Docket No. 49.) Barnes did not file a direct appeal. On February 13, 2017, the Court amended the sentencing judgment to specify the total restitution amount of $484,220. (Am. Sentencing J. at 1, 5, Feb. 13, 2017, Docket No. 54.)[1]

Also on February 13, 2017, Barnes filed a *pro se* motion to vacate, set aside, or correct her sentence pursuant to § 2255, in which she asserts that the Court should not have applied the twelve-level enhancement to her base offense level at sentencing or entered judgment for the specified amount of restitution because the government did not prove the total loss amount by the preponderance of the evidence to a jury. (*See* Pro Se Mot. to Vacate at 1, 3, 6, Feb. 13, 2017, Docket No. 55.)

---

[1] Because at the sentencing hearing the parties requested more time to discuss the amount of restitution, the Court allowed the restitution amount to be left open for a short period. (Sentencing Tr. at 12:16-21, 16:7-10.) On December 28, 2016, the government filed an unopposed motion to amend the judgment stating that "the parties agree that [Barnes] owes a total of $484,220 in restitution to the State of Minnesota." (Gov't's Mot. to Amend J. to Include Specified Restitution at 1, Dec. 28, 2016, Docket No. 53.) The Court granted that motion and amended the judgment to reflect that amount. (Am. Sentencing J. at 5.)

## DISCUSSION

### I. SECTION 2255

Section 2255(a) permits a prisoner to move the court that sentenced her to "vacate, set aside or correct the sentence" on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Such relief "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

### II. BARNES'S CLAIM

Barnes avers the Court improperly enhanced her base offense level because the government did not prove to a jury that the offense caused a loss exceeding $250,000 but less than $550,000.

However, for sentencing purposes, the Court – rather than a jury – may make factual determinations that do not increase the sentence for a crime beyond the statutory maximum. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); *United States v. Garcia-Gonon*, 433 F.3d 587, 593 (8th Cir. 2006) ("[U]nder an

advisory system, the district court is entitled to determine sentences based upon judge-found facts and uncharged conduct . . . ."). Here, Barnes was sentenced well below the applicable statutory maximum of twenty years. (*See* Revised PSR ¶¶ 41, 86 (citing 18 U.S.C. § 1341).) Thus, the Court was authorized to make factual determinations affecting her sentence.

Moreover, Barnes did not object to the PSR's determination that her offense causes a loss amount between $250,000 and $550,000 at sentencing, (Sentencing Tr. at 3:5-7), and the Court subsequently adopted the PSR's findings of fact. "A fact in a PSR to which the defendant has not specifically objected is a fact admitted by the defendant." *United States v. Abrica-Sanchez*, 808 F.3d 330, 334 (8th Cir. 2015) (quoting *United States v. White*, 447 F.3d 1029, 1032 (8th Cir. 2006)).

Thus, as the Court appropriately determined the amount of loss at sentencing and properly applied the corresponding base level enhancement, Barnes's § 2255 motion fails as a matter of law and will be denied.[2]

## III. CERTIFICATE OF APPEALABILITY

The Court may grant a Certificate of Appealability only where the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, the movant must show that "the issues are debatable

---

[2] Barnes's § 2255 motion also procedurally fails because she did not file a direct appeal raising her claim, and she has not demonstrated to the Court cause for the default and either prejudice or actual innocence. *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001) ("A defendant who has procedurally defaulted a claim by failing to raise it on direct review may raise that claim in a Section 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence." (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998))). However, as explained herein, even if Barnes's motion was not procedurally barred, it also fails on the merits.

among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 883 (8th Cir. 1994). The Court finds that Barnes has not shown that reasonable jurists would find the issues raised in her § 2255 motion debatable, that some other court would resolve the issues differently, or that the issues deserve further proceedings. Therefore, the Court declines to grant a Certificate of Appealability.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Roberta Barnes's Motion for to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Docket No. 55] is **DENIED**.

2. For the purpose of appeal, the Court does not grant a Certificate of Appealability.

3. The Clerk of Court is **DIRECTED** to mail a copy of this order to Volunteers of America, Roberta Barnes, 1771 Kent Street, Roseville, MN 55113.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 10, 2017         ____s/ John R. Tunheim____
at Minneapolis, Minnesota.        JOHN R. TUNHEIM
       Chief Judge
       United States District Court